976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1984 LINCOLN CONTINENTAL, CA LICENSE NO. 2AHG081, VIN
1MRBP98F3EY617464, its Tools and Appurtenances, Defendant,
Laura Miller, Claimant-Appellant.
 
 No. 91-56290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 Before GOODWIN, D.W. NELSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Laura Miller appeals the district court's judgment of forfeiture of her automobile pursuant to 21 U.S.C. § 881. Miller contends the district court erred by applying the wrong legal standard to her defense of innocent ownership. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Standard of Review
 
 
 4
 This court reviews questions of law de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). This court reviews questions of fact under the "clearly erroneous" standard. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421, cert. denied, 496 U.S. 937 (1990). This court reviews questions involving mixed questions of law and fact de novo. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 111 S.Ct. 173 (1990), and cert. denied, 111 S.Ct. 210 (1990).
 
 II
 Background
 
 5
 On June 1, 1990, the San Diego Narcotics Task Force agents arrested appellant Laura Miller's son, Tymarc Warren, based on an outstanding warrant. At the time of arrest, Warren was driving a 1984 Lincoln Continental. The agents seized the vehicle pursuant to 21 U.S.C. § 881, as a vehicle used to transport cocaine.
 
 
 6
 On October 4, 1990, the United States filed an amended complaint for enforcement of forfeiture of the vehicle pursuant to 21 U.S.C. § 881. On December 21, 1990, Miller filed a claim pursuant to Fed.R.Civ.P., Supplemental Rule C(6), for return and restitution of the vehicle. Following a hearing on September 11, 1991, the district court ruled that Miller owned the vehicle but was not an "innocent owner" under section 881(a)(4)(C). On September 24, 1991, the district court ordered the vehicle condemned and forfeited to the United States. Miller contends the district court applied an incorrect legal standard in determining her claim of innocent ownership.
 
 III
 Analysis
 
 7
 The government brought the forfeiture action under section 881(a)(4)(C), which provides, in relevant part:
 
 
 8
 (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 
 
 9
 (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9) except that--
 
 
 10
 (C) no conveyance shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent, or willful blindness of the owner.
 
 
 11
 21 U.S.C. § 881(a)(4)(C). Once the government has demonstrated probable cause to believe the property was used or intended to be used to facilitate the transport of a controlled substance, the burden shifts to the claimant to show by a preponderance of the evidence that forfeiture is inappropriate. United States v. Lot 4, Block 5 of Eaton Acres (Lot 4), 904 F.2d 487, 491 (9th Cir.1990); United States v. $215,300 U.S. Currency, 882 F.2d 417, 419 (9th Cir.1989), cert. denied, 110 S.Ct. 3242 (1990).
 
 
 12
 This court has interpreted section 881 to require a party claiming innocent ownership to demonstrate that she did not know about, did not consent to, and was not willfully blind to the vehicle's use in transporting controlled substances. United States v. Lot 111-B, Tax Map Key 4-4-03-71(4) (Lot 111-B), 902 F.2d 1443, 1445 (9th Cir.1990). An innocent owner defense requires a claimant to prove she did all she was reasonably expected to do to prevent unlawful activity. $215,300 U.S. Currency, 882 F.2d at 420. "Failure to exercise due care precludes reliance upon the innocent owner defense." Id.
 
 
 13
 Here, the district court correctly ruled that Miller bore the burden of demonstrating she was an "innocent owner."[1] After hearing testimony and evaluating witness credibility, the district court found that Miller knew that her son had "a problem before about his car" and did not take "necessary steps" in order to prevent the use of her vehicle to transport controlled substances.[2] The district court's factual findings were not clearly erroneous. See id. Accord United States v. 15 Black Ledge Drive, 897 F.2d 97, 102 (2d Cir.1990) (claimant's assertion that he lacked knowledge was insufficient to establish innocent ownership where there was evidence of paraphernalia and credible testimony indicating claimant had knowledge). Thus, Miller failed to carry her burden with respect to her claim of innocent ownership because, as the district court found, she was willfully blind to her son's use of the vehicle in connection with narcotic activities. See $215,300 U.S. Currency, 882 F.2d at 420.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miller contends "[t]o defeat an innocent owner defense in an 881(a)(4) case, the government must establish that the owner either had knowledge, consented to the illegal conduct or demonstrated willful blindness." This contention is without merit. The claimant bears the burden of establishing the absence of each of these. See Lot 4, 904 F.2d at 491
 
 
 [2]
 Miller contends the district court erred in its finding because her testimony was uncontroverted. Nevertheless, the district court had the power to weigh the credibility of the witnesses and to determine whether adequate proof was presented. See $215,300 U.S. Currency, 882 F.2d at 420
 
 
 [3]
 Miller contends that pursuant to United States v. Pacific Hide & Fur Depot, Inc., 768 F.2d 1096 (9th Cir.1985), and United States v. McAllister, 747 F.2d 1273 (9th Cir.1984), cert. denied, 474 U.S. 829 (1985), the government was required to show Miller was aware of "a high probability of the existence of the fact in question." This contention lacks merit. Neither of the cited case involved willful blindness in the context of an innocent ownership defense. Rather, both cases involved the government's burden of proof where a defendant is charged with knowingly transporting narcotics. See Pacific Hide, 768 F.2d at 1098; McAllister, 747 F.2d at 1275